Filed 1/31/24  P. v. Pinkard CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN DAVID PINKARD,<br><br>    Defendant and Appellant. | B328727<br><br>Los Angeles County<br>Super. Ct. No. VA159276 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Affirmed.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jonathan David Pinkard appeals his conviction for robbery. Pinkard's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

On September 22, 2022, Daniel Obregon was working construction on Greenleaf Avenue in Whittier. Obregon and a coworker were demolishing a residence. When Obregon and his coworker arrived at the property that morning, Pinkard and another person were there. Pinkard was sleeping inside the building. Obregon asked them to leave because the structure was going to be demolished.

About an hour later, Pinkard held a knife or dagger to Obregon's rib and demanded money. Pinkard told Obregon, " 'Give me your money, son of a bitch.' " Obregon, in fear, gave Pinkard his money, about $130. Obregon called his boss, then went to the police and filed a report.

Whittier Police Officer Samuel Herrera was working at the station that afternoon. He spoke with Obregon, who gave him a description of the suspect. Herrera believed the person Obregon was describing was Pinkard, whom Herrera knew as "a local transient."

A couple of days after the robbery, Obregon went back to the police station. He identified Pinkard in a photographic lineup. Herrera went to the property on Greenleaf, found Pinkard there, and arrested him.

Back at the station, Herrera interviewed Pinkard. A video and audio recording of the interview was played for the jury at trial. Pinkard told Herrera, "[T]he guy wanted to buy drugs," and Pinkard took his money—$80—"because they were kicking us out of there." Pinkard said he used the money to buy food.

The People charged Pinkard with second degree robbery. Pinkard testified on his own behalf at trial. Pinkard said he'd been living at the Greenleaf property "for like six months." Pinkard testified he'd never seen Obregon until he testified at trial. Pinkard denied having robbed Obregon.

The jury convicted Pinkard and found true certain aggravating factors. The trial court sentenced Pinkard to the low term of two years in the state prison.

Pinkard appealed and we appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *Wende, supra,* 25 Cal.3d 436. Counsel stated she had advised Pinkard that he could file a supplemental brief within 30 days. On October 10, 2023, we sent a letter directing counsel to send the record of this appeal and a copy of her opening brief to Pinkard, and noting he could file a supplemental brief raising any contentions or arguments he wished this court to consider. We have not received any supplemental brief from Pinkard.

We have independently reviewed the record and find no arguable issues. We are satisfied that Pinkard's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

3

## DISPOSITION

We affirm Jonathan David Pinkard's conviction.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.